## FREUND v. THE CHAUNCEY M. DEPEW et al.

## McLAUGHLIN v. SAME.
## DE VAERE v. SAME.

District Court, S. D. New York.
March 24, 1942.

Gray & Wythe, of New York City (Horace M. Gray and Charles E. Wythe, both of New York City, of counsel), for libelants.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer and J. Ward O'Neill, both of New York City, of counsel), for claimant.

GODDARD, District Judge.

Libels have been filed by each of the libelants to recover damages as a result of injuries sustained by them while passengers on the steamship Chauncey M. Depew in a collision between the Depew and Pier 83, North River, New York Harbor, on September 5, 1940, at 5:50 P. M. Daylight Saving Time.

The Depew was engaged in taking passengers on sight-seeing trips around Manhattan Island. On this particular trip, Mrs. Freund with her two small daughters, the libelant, Madame de Vaere (the governess), and a friend, Miss McLaughlin, another libelant, boarded the vessel early in the afternoon and paid their fare. The Depew had made a trip to the Whitestone Bridge, East River, and came up on the west side of the North River, preparatory to docking at Pier 81, North River. It was a pleasant afternoon, light northeast wind, tide the last of the ebb, running at about 2½ knots an hour. The Depew crossed the river and neared the east shore about opposite Pier 88 and then headed down river with the tide under her, with the intention of landing at the end of Pier 81. In maneuvering for landing, she headed too close to Pier 83 and after the navigator observed that the Depew was getting out of shape in the tide way, he reversed his engines full speed, but too late to avoid colliding with the northwest corner of Pier 83. The Depew struck the pier with considerable force, splitting one of the piles and breaking two string pieces on the pier.

Mrs. Freund and her party, who remained on the salon deck during the trip, had gone down to the main deck as the vessel was preparing to land. At the time of the collision, Mrs. Freund was standing in the doorway leading from the lounge to the starboard side of the deck with her younger child near her. When the collision occurred she was thrown against the rail by the heavy lurching of the vessel, and her lower back came in contact with the rail and she was thrown along the deck about twenty feet.

Miss McLaughlin, who was a woman 59 years of age and weighing about 170 pounds, was standing near Mrs. Freund and was thrown by the force of the impact, striking her head and back.

Madame de Vaere was coming down the stairs of the companionway leading to the salon deck and was thrown against the steps, causing injury to her left side, elbow, left hip and ankle.

If a vessel in crossing a river collides with a pier, the vessel is liable for the damage which results unless exonerated by showing that the collision was due to inevitable accident or that it could not be avoided by adopting any practical precautions. The Virginia Ehrman, 97 U.S. 309, 24 L.Ed. 890.

Claimant has not excused the collision by showing that it was the result of inevitable accident or that it could not have been avoided by exercising due care.

In the absence of some intervening cause, a vessel does not, in broad daylight under normal weather and tide conditions, collide with a pier with such force as to materially damage the pier and injure passengers on the vessel, unless there was poor seamanship, and the Depew's collision with the pier plainly was the result of poor seamanship. The circumstances permit no other conclusion. It follows that the claimant is liable for such damages as the respective libelants sustained as a result of the collision.

Mrs. Freund sustained complete fractures of the right transverse processes of the 2nd and 3rd lumbar vertebrae, contusions at about the right kidney and right loin, shock. She was confined to a hospital from September 6, 1940, to September 26, 1940, and from then on until December 15, 1940, was confined under the care of a trained nurse at the Hotel Pierre, where she was living at the time of the accident, later moving to the St. Regis Hotel, and was unable to engage in normal activities without suffering pain for several months and still feels the effects of it at times. An x-ray photograph taken on April 28, 1941, showed that at that time the fractures had completely healed and united. According to the uncontradicted testimony she has paid or is obligated to pay a total of $2,107.60 for medical treatment, hospital, and expenses for a nurse, in addition to a bill of $1,610 from Dr. Mitchell for his services. In my opinion a fair and reasonable compensation for Dr. Mitchell's services is $930, and she is allowed a total of $3,037.60 for expenses. It is difficult to place a monetary value on pain and suffering, but I think $3,500 is fair and reasonable, making a total of $6,537.60, to which she is entitled.

Marguerite de Vaere sustained contusions to her left thigh, elbow, ankle, and shock, although she continued in Mrs. Freund's employ until February 1, 1941. She suffered considerable pain and weakness as a result of the injuries, principally because of the injury to her thigh and did not regain her normal condition until September, 1941. For this I think she is entitled to $500; also $18.76 which she paid for medicines.

Marguerite McLaughlin sustained strain of lower back, bruised coccyx, sprain of neck, contusion of left arm and elbow, and was confined to her bed for about one month, and in another week had fully recovered. Fair compensation for her pain and suffering is $500, and she is entitled to $146, which she expended for medical treatment, medicines and for x-rays.

Accordingly the libelants may have decrees against the claimant for the following amounts: Frances Hamrick Freund $6,537.60, Marguerite de Vaere $518.76, Marguerite McLaughlin $646, with costs.